Sharon BONDS, et al., Appellees,

v.

DISTRICT OF COLUMBIA and Margaret
A. Moore, Appellants.

No. 95–7207.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 25, 1996.

Before: EDWARDS, Chief Judge,
GINSBURG and ROGERS, Circuit Judges.

### ORDER

PER CURIAM.

Upon consideration of appellees' petition for rehearing filed September 23, 1996, and of the response thereto, it is

ORDERED that the petition be denied.

Sharon BONDS, et al., Appellees,

v.

DISTRICT OF COLUMBIA and Margaret
A. Moore, Appellants.

No. 95–7207.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 25, 1996.

Before: EDWARDS, Chief Judge;
WALD, SILBERMAN, WILLIAMS,
GINSBURG, SENTELLE, HENDERSON,
RANDOLPH, ROGERS and TATEL,
Circuit Judges.

### ORDER

PER CURIAM.

Appellees' Suggestion For Rehearing *In Banc* and the response thereto have been circulated to the full court. The taking of a vote was requested. Thereafter, a majority of the judges of the court in regular active service did not vote in favor of the suggestion. Upon consideration of the foregoing, it is

ORDERED that the suggestion be denied.

TATEL, Circuit Judge, with whom WALD and SENTELLE, Circuit Judges, join, dissenting from denial of rehearing *en banc.*

Because this case presents a fundamental question of district court power to control discovery proceedings, and of appellate court authority to override district court decisions, I think this case is worthy of *en banc* review. Of greatest concern to me is the panel's willingness to second-guess the district judge's key factual findings, especially his findings that the District acted in bad faith and that lesser sanctions would not remedy the District's discovery violation. I also think the panel did not give enough weight to the district court's express warning to the District that "any witness not identified in response to [Interrogatory No.] 2 who could reasonably be identified by November 7 ... may not be called at trial." Moreover, after warning the District and issuing the sanction, the district court allowed the District to seek reconsideration—an option the District chose not to pursue for almost a month.

Appellate courts must use great caution in overruling district judges in the way they run their courtrooms lest they undermine the basic authority of district judges to control the proceedings before them. "[H]ere, as in other areas of the law, the most severe in the spectrum of sanctions ... must be available to the district court in the appropriate case, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976).